Judge Green,
delivered the following opinion, in which the other Judges concurred. *
Admitting that the instrument of writing, under date of February 28, 1818, signed and sealed by William B. Harris, and signed by Edward Harris, was an engagement on the part of Edward Harris, either that he would indemnify, or that John L. Harris should indemnify William B. Harris, against all responsibility for debts due, or to become due, on account of the firm of John L. Harris %• Co., 'yet it seems to me, that the evidence does not support either the first or second count in the declaration. If, at the time of entering into that writing, the firm of John L. Harris §■ Co. consisted, as is alledged in the first count, of William B. and John L. Harris, then the debt in question, due to Moon, was not due from John L. Harris fy Co., on account of that company. It was originally due from William B. and Edward Harris, and *437 Hiere Is no evidence to shew that it had ever devolved upon, or been assumed by, William B. and John L. Harris, trading under the firm of John L. Harris & Co.; so that Edward Harris's stipulation aforesaid, did not extend to it.
If, as is all edged in the second count, William B. Harris and Edward, Harris were partners, trading under the firm of John L. Harris & Co, (which I think a jury might reasonably infer from the evidence,) then Edward Harris's stipulation aforesaid, extended to indemnify William B. Harris against this debt. Hut, that stipulation was entered into, upon consideration that William B, Harris would sell, and did sell, his interest in the firm, to John L. Harris; and not upon the consideration, as is alledgcd in that count, that the plaintiff sold his interest to John L. and Edward Harris; so that the contract proved, is not that laid in the declaration.
Upon the third count, for money advanced and paid by the plaintiff for the use of the defendant, the plaintiff is entitled to a judgment for a moiety of the debt, for which the part ies were jointly liable, and all of which was paid by the plaintiff. The judgment should, therefore, be reversed, and judgment given for the lesser sum found by the jury.
I wish this could have been otherwise,1 lor, it is apparent that the debt in question was intended to be embraced by the guarantee, and that John L. Harris meditated a fraud upon the plaintiff, from the beginning
Judgment reversed.

 Judge Cabell, absent.